UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. SHADDEN, JR.,<br><br>           Petitioner,<br><br>   v.<br><br>MICHAEL SEXTON,<br><br>           Respondent. | No. 1:20-cv-00604-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 6, 7) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 21, 2020, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction. (Doc. No. 6.) Specifically, the magistrate judge found that the pending petition is a second or successive petition and that petitioner has not first obtained leave from the Ninth Circuit Court of Appeals to proceed with such a petition. (*Id.* at 1–3.) On June 10, 2020, petitioner filed timely objections to the pending findings and recommendations and moved for appointment of counsel. (Doc. No. 7.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, court concludes that the findings and recommendations are supported by the record and by proper analysis

In his objections, petitioner does not meaningfully dispute the magistrate judge's finding that the pending petition is a second or successive petition. Instead, petitioner has attached to his objections a January 15, 2020 ruling of the Kern County Superior Court, after an evidentiary hearing was held, denying petitioner's state habeas petition which was based on a claim of newly discovered evidence. As noted in the pending findings and recommendation, however, a petitioner may file a second or successive petition raising a new claim for federal habeas relief based on new evidence if he meets the requirements set forth in 28 U.S.C. § 2244(b)(2)(B). It is not the district court that decides whether a second or successive petition meets these requirements. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the *appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Because, here, ppetitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file a successive petition, this court lacks jurisdiction to consider his renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that the pending petition is a second or successive petition to be debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Finally, the court addresses petitioner's motion for appointment of counsel. (Doc. No. 7.) "There currently exists no absolute right to appointment of counsel in habeas proceedings." *Henderson v. McDonald*, No. 10-cv-02787-JAM-KJN P, 2011 WL 704695, at *1 (E.D. Cal. Feb. 18, 2011); *see, e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of petitioner's submissions in this action, the court finds that he appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not complex, and petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly:

1. The findings and recommendation issued on May 21, 2020 (Doc. No. 6) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3. The court declines to issue a certificate of appealability;

/////

4. Petitioner's motion for appointment of counsel (Doc. No. 7) is denied; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 18, 2020**         /s/ Dale A. Drozd
                                 UNITED STATES DISTRICT JUDGE